**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAHMAL PHOENIX,<br><br>　　　　　　　*Plaintiff*,<br><br>　　v.<br><br>COATESVILLE AREA SCHOOL DISTRICT,<br><br>　　　　　*Defendant*. | CIVIL ACTION<br>NO. 15-00072 |

**MEMORANDUM**

**PAPPERT, J.**　　　　　　　　　　　　　　　　　　　　　　　**October 9, 2015**

Defendant Coatesville Area School District ("Coatesville") has filed an Omnibus Motion in Limine (ECF No. 22), which seeks to preclude Plaintiff Jahmal Phoenix ("Phoenix") from offering at trial any evidence, testimony, argument, or references to four separate documents:  1. February 9, 2015 letter from Matthew Haverstick to Coatesville; 2. Text messages purportedly between Richard Como ("Como") and James Donato ("Donato"); 3. The Chester County 18th Investigating Grand Jury's Report; and 4. The Investigative Report to the Board of School Directors.

Phoenix does not contest Coatesville's motion with respect to document 1, but has filed a Response (ECF No. 32) opposing Coatesville's motion with respect to documents 2, 3, and 4. After reviewing the motion, Phoenix's response, and discussing the issues with counsel for both parties during the October 2, 2015, Pretrial Conference (ECF No. 40), the Court reaches the following conclusions.

1

1.   <u>The February 9, 2015 Letter from Matthew Haverstick to Coatesville</u>

The letter from Mr. Haverstick, an attorney for Coatesville, to the parents, staff, and community members of Coatesville details the School District's decision to release the Investigative Report referenced in paragraph 4., *infra*.  Phoenix does not oppose Coatesville's motion with respect to this letter.  (Pl.'s. Brief in Opp'n to Def.'s Mot. in Lim. 1 n.1.)  Even if Phoenix did oppose the motion, the letter is not relevant, and even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues.  FED. R. EVID. 403; *see also Construction, Ltd. v. Brooks-Skinner Bldg. Co.*, 488 F.2d 427, 431 (3d Cir. 1973) ("The task of assessing potential prejudice is one for which the trial judge, considering his familiarity with the full array of evidence in a case, is particularly suited.").  As the Advisory Committee's commentary on Federal Rule of Evidence 403 notes, "[s]ituations in this area call for balancing the probative value of and need for the evidence against the harm likely to result from its admission."  FED. R. EVID. 403 advisory committee's note.  The practical issues "inherent in this balancing of intangibles—of probative worth against the danger of prejudice or confusion—call for the vesting of a generous measure of discretion in the trial judge."  *Brooks-Skinner*, 488 F.2d at 431.  Coatesville's motion with respect to Mr. Haverstick's letter is therefore granted.

2.   <u>The Text Messages Purportedly Between Como and Donato</u>

The text messages are a collection of, among other things, vile, racist, misogynistic, and anti-Semitic exchanges between Como and Donato over a period of several weeks in June 2013. Relevant evidence may be excluded if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  FED. R. EVID.

403.  Here, the Court finds that the following exchange between Como and Donato is relevant and probative:

> *6-7 2013 FROM COMO: Right this could be classic conclusion to board mtgs by end of month plus 23 get clipped tuesday am before committee mtg and prob 6 to 9 more in July if Ritter budget numbers right.*
>
> *6-7 2013 FROM DONATO: How many niggers out of 23?  Not enough!*
>
> *6-7 2013 FROM COMO: Dont know but think only 4-5.  At most until last minute rush of firing by Goo of Phoenix and Kamara.*
>
> *6-7 2013 FROM DONATO: Good hangings there!*

While relevant and probative under Rule 403, the Court will allow these same messages into evidence through the Grand Jury's Report (see paragraph 4., *infra*) because the Report is a self-authenticating document.  FED. R. EVID. 902(1).  Accordingly, also allowing into evidence the references in the text message documents themselves would be a waste of time and needlessly cumulative.  FED R. EVID. 403.  Coatesville's motion with respect to copies of the actual text messages is therefore granted.

### 3.  The Chester County 18th Investigating Grand Jury's Report

The Grand Jury's Report is a comprehensive investigation into allegations of financial mismanagement, fraud, inappropriate hiring and nepotism, and misuse of district funds and property by Superintendent Como.  The Court denies Coatesville's motion only with respect to the portion of the Report that contains the text message exchange between Como and Donato beginning on page 13 and ending on page 14:

> *6-7 2013 FROM COMO: Right this could be classic conclusion to board mtgs by end of month plus 23 get clipped tuesday am before committee mtg and prob 6 to 9 more in July if Ritter budget numbers right.*
>
> *6-7 2013 FROM DONATO: How many niggers out of 23?  Not enough!*

*6-7 2013 FROM COMO: Dont know but think only 4-5.  At most until last minute rush of firing by Goo of Phoenix and Kamara.*

*6-8 2013 FROM DONATO: Good hangings there!*

This conversation directly mentions Phoenix's firing and, by implication, his race, and is therefore relevant and probative.  The rest of the Grand Jury's Report, however, is not relevant, and even if it was relevant, its probative value is substantially outweighed by unfair prejudice and confusion of the issues.  FED. R. EVID. 403.  The Grand Jury's Report is admissible under Federal Rule of Evidence 807(a) as a residual exception to hearsay.  FED. R. EVID. 807(a)(1)–(4).  The Court grants Coatesville's motion with respect to the rest of the Grand Jury's Report.

### 4.   The Investigative Report to the Board of School Directors

The Investigative Report is the result of an independent internal investigation by Conrad O'Brien PC, into potentially criminal allegations investigated by the Chester County District Attorney's Office.  The Court denies Coatesville's motion only with respect to the sentence on page 168, which states that "Mr. Como had the ultimate authority and final say on hiring and firing at CASD [Coatesville Area School District]."  The statement is relevant and probative as it tends to show that Como had involvement in personnel decisions, specifically decisions to hire and fire District employees.  The rest of the Investigative Report, however, is not relevant, and even if it was relevant, its probative value is substantially outweighed by unfair prejudice and confusion of the issues.  FED. R. EVID. 403.  Coatesville's motion with respect to the Investigative Report is therefore granted in all other respects.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

4